United States District Court
Southern District of Texas
**ENTERED**
June 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CRISELDA MENDOZA, *et al*, § § Plaintiffs, § VS. § J.P. MORGAN MORTGAGE N.A., *et al*, § § Defendants. § § § § § § | CIVIL ACTION NO. 7:17-CV-180 |

## **OPINION**

The Court now considers the motion to remand,[1] filed by Criselda Mendoza ("Ms. Mendoza") and Jose A. Muro ("Mr. Muro") ("Plaintiffs"), as well as the unopposed motion to dismiss,[2] filed by JPMorgan Chase Bank, N.A., incorrectly named as J.P. Morgan Mortgage N.A. ("JPMC"). After duly considering the record and relevant authorities, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

### I.   Background

Plaintiffs allege that they executed a promissory note to purchase real property located at 145 W. Dicker Dr., Pharr, Texas ("the property").[3] In its response to the motion to remand, Select Portfolio Servicing, Inc. ("SPS") asserts that Mr. Muro is deceased and has been named in an improper capacity.[4] Furthermore, SPS contends that Ms. Mendoza was not a party to the original loan agreement, but she nevertheless signed the Deed of Trust,[5] which granted a security

---

[1] Dkt. No. 8.
[2] Dkt. No. 4. The motion is now unopposed, as Plaintiffs did not file a response. *See* LR 7.2 of the Local Rules of the United States District Court for the Southern District of Texas.
[3] Dkt. No. 1-4, at p. 2.
[4] Dkt. No. 9, at ¶ 1, n. 1.
[5] *Id.* at ¶ 2.

interest in the property.[6] Plaintiffs explain that they made required payments for more than thirteen years, but "due to unexpected circumstances[,] Plaintiffs stayed behind on a few payments."[7] Plaintiffs allege that they "were not allowed their legal right to cure" and "Defendants have not made a due diligent effort to allow Plaintiffs to bring the account current[,] despite the fact that Plaintiffs have tried to make their payment[.]"[8] The property was scheduled for foreclosure on May 2, 2017.[9]

In April 2017, Plaintiffs filed suit in state court against JPMC, SPS, and David R. Karle, as substitute trustee ("David Karle") (collectively "Defendants"), generally alleging wrongful foreclosure and a Texas Property Code violation.[10] Plaintiffs additionally request both a temporary restraining order and temporary injunction to enjoin Defendants from taking any steps to foreclose on the property.[11] SPS subsequently removed the case pursuant to 28 U.S.C. §§ 1332 and 1441, asserting federal question and diversity jurisdiction.[12] Thereafter, JPMC filed a motion to dismiss and Plaintiffs filed a motion to remand. JPMC and SPS filed responses to the motion to remand.[13]

## II. Motion to Remand

The removing party bears the burden of establishing whether federal jurisdiction exists,[14] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[15] The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a)

---

[6] Dkt. No. 1-4, at p. 2.
[7] *Id.* at p. 2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at pp. 3–4.
[11] *Id.* at pp. 4–6.
[12] Dkt. No. 1, at ¶¶ 5–21.
[13] Dkt. Nos. 9, 10.
[14] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[15] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

unless the parties are completely diverse and the amount in controversy exceeds $75,000.00.[16] Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[17] However, when state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by a preponderance of the evidence that amount in controversy exceeds $75,000.00.[18] A defendant can satisfy this burden by (1) showing it is "apparent from the claims of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."[19]

Further, the residency of non-diverse defendants who have been improperly joined is not considered for diversity jurisdiction purposes.[20] The Fifth Circuit recognizes two manners by which improper joinder may occur: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[21] The Fifth Circuit has interpreted the second manner to mean that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[22] To determine whether a plaintiff has a reasonable basis for recovery, courts evaluate the sufficiency of the pleadings against non-diverse parties under the federal pleading standards.[23]

---

[16] 28 U.S.C. § 1332(a).
[17] *Id.* § 1446(c)(2).
[18] *Id.*; *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[19] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (quotation marks and citations omitted).
[20] *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).
[21] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[22] *Id.*
[23] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

*Twombly* and *Iqbal* lay out a two-prong approach to motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal motions,[24] which is relevant here for understanding what constitutes the baseline federal pleading standard.[25] First, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[26] A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] Second, the plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[28] "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."[29] Thus, although courts must accept as true all well-pleaded facts, they need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations.[30]

### a. Diversity of Citizenship

Plaintiffs' original petition contends that all parties are citizens of Texas.[31] There is no dispute that Plaintiffs and David Karle are citizens of Texas. Plaintiffs allege that SPS and JPMC are Texas corporations that regularly conduct business in Texas, and that they can be served through David Karle, their "registered agent of service and/or trustee[.]"[32] However, SPS and JPMC are residents of Utah[33] and Ohio,[34] respectively, for diversity jurisdiction purposes. As a

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Our decision in *Twombly* illustrates the two-pronged approach.").
[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[26] *Id.*
[27] *Iqbal*, 556 U.S. at 678.
[28] *Id.*
[29] *Id.*
[30] *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").
[31] Dkt. No. 1-4, at pp. 1–2.
[32] *Id.*
[33] Dkt. No. 1, at ¶ 9; *Allen v. Wash. Mut. Bank*, 2015 WL 4395141, at * 3 (W.D. Tex. July 16, 2015) ("SPS is a corporation incorporated under the laws of Utah with its principal place of business in Salt Lake City, Utah, and is therefore a citizen of Utah for purposes of diversity jurisdiction.").

result, there is diversity of citizenship between Plaintiffs, SPS, and JPMC. The Court will now engage in an improper joinder analysis to determine whether David Karle is a proper party to this lawsuit.

Plaintiffs do not allege any cause of action against David Karle. In fact, David Karle's name does not appear anywhere in the original petition beyond the introductory material that presents the parties and underlying facts of the lawsuit. Although Plaintiffs request both a temporary restraining order and temporary injunction against all named Defendants generally,[35] there are insufficient facts to support any particular cause of action against David Karle. As such, Plaintiffs fail to state a claim against David Karle, and thus he was improperly joined. Accordingly, David Karle is **DISMISSED WITH PREJUDICE**. Since the only remaining named Defendants, SPS and JPMC, are completely diverse from Plaintiffs, the Court will now consider the amount in controversy.

b. **Amount in Controversy**

Plaintiffs claim that diversity jurisdiction is improper in this case because the amount in controversy has not been satisfied.[36] As previously noted, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy; however, this request does not control when made in bad faith or when state practice does not permit demand for a specific sum.[37] In Texas, the law does not permit a plaintiff to plead for a specific amount. Rather, Texas Rule of Civil Procedure ("TRCP") 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that a party seeks a pre-

---

[34] Dkt. No. 10, at p. 3 ("For purposes of 28 U.S.C. § 1348[,] a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. Defendant JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, JPMC is a citizen of Ohio for purposes of diversity jurisdiction.") (internal citation omitted).
[35] Dkt. No. 1-4, at pp. 4–6.
[36] Dkt. No. 8, at ¶ 3 ("The amount in controversy is less than $75,000, excluding interest and costs. The amount in controversy is $40,388.00, the amount of the original note.").
[37] 28 U.S.C. § 1446(c)(2).

defined range of damages.[38] Plaintiffs attempted compliance with TRCP as they pled for damages "over $58,650.00 but not more than $70,000.00 and also non-monetary relief."[39] However, this does not comport with TRCP 47. Ultimately, however, the Fifth Circuit ruled that "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[40]

As noted, Plaintiffs' original petition alleges an amount in controversy of over $58,650.00.[41] Plaintiffs' motion to remand, however, contends an amount in controversy of "$48,388.00, the amount of the original note."[42] In its notice of removal, SPS argued that "the value of the [p]roperty was not less than $76,990.00 since the value of the [p]roperty was at all relevant time no less than that amount."[43] SPS attached a valuation of the property at $76,990.00 from the Hidalgo County Appraisal District.[44] This Court has previously ruled that the fair market value of the property as determined by a county appraisal district is appropriate for determining the amount in controversy.[45] As a result, SPS has demonstrated that the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

Complete diversity exists among the remaining parties and the amount in controversy exceeds $75,000.00. Thus, the Court **DENIES** the motion to remand.

---

[38] Tex. R. Civ. P. 47(b)–(c).
[39] Dkt. No. 1-4, at p. 1.
[40] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).
[41] Dkt. No. 1-4, at p. 2.
[42] Dkt. No. 8, at ¶ 3.
[43] Dkt. No. 9, at ¶ 21.
[44] Dkt. No. 1-11, at p. 1.
[45] *Ouzenne v. Deutsche Bank Nat'l Trust Co. for Soundview Home Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3*, 2017 WL 1437297 at *4 (S.D. Tex. Apr. 24, 2017).

### III. Motion to Dismiss

In its motion to dismiss, JPMC argues that Plaintiffs failed to state a claim against JPMC.[46] Plaintiffs' original petition is devoid of any specific causes of action against JPMC. In fact, Plaintiffs generally allege wrongdoing by "Defendants." This Court has ruled that "[a] complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."[47] Plaintiffs have not presented any facts to differentiate the conduct of JPMC and SPS. Ultimately, Plaintiffs tender naked assertions without any additional factual support and fail to allege any particular liability of JPMC that differs from SPS as required by this Court. Furthermore, JPMC explains that it "is not the mortgage servicer or the mortgagee[,]" and thus is not a property party to this lawsuit.[48] As a result, and in light of the fact that Plaintiffs have not filed a response, the Court **GRANTS** the motion to dismiss. JPMC is hereby **DISMISSED WITH PREJUDICE**.

### IV. Holding

For all the foregoing reasons, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss. Additionally, David Karle and JPMC are hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of June, 2017.

_____
Micaela Alvarez
United States District Judge

---

[46] Dkt. No. 4, at pp. 3–4.
[47] *Del Castillo v. PMI Holdings N. Am. Inc.*, 2015 WL 3833447 at *6 (S.D. Tex. June 22, 2015).
[48] Dkt. No. 4, at p. 4. *See also* Dkt. No. 4-1, at p. 3.