United States District Court
Southern District of Texas
**ENTERED**
September 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CRISELDA MENDOZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-00180 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>OPINION</u>

The Court now considers Defendant Select Portfolio Servicing, Inc.'s ("SPS") "motion for summary judgment and motion for judgment on the pleadings."[1] After duly considering the record and relevant authorities, the court **GRANTS** the motion.

### I. BACKGROUND

Criselda Mendoza ("Mendoza") filed this suit pro se in an apparent attempt to delay foreclosure on her home. She named Mr. Jose Muro—deceased ("Decedent")—as a second Plaintiff (collectively "Plaintiffs"). Decedent took out a mortgage loan from Resmae Mortgage Corporation ("Resmae") in the sum of $58,650.00 on May 8, 2006.[2] Only Decedent signed the thirty-year promissory note ("Note"),[3] and payments were due on the first of each month, beginning on July 1, 2006.[4] The Note provides that "[i]f I do not pay the full amount of each monthly payment on the date it is due, I will be in default."[5] The Note also provides for

---

[1] Dkt. No. 14.
[2] Dkt. No. 14-2.
[3] *Id*. p. 3.
[4] *Id*. p. 1.
[5] *Id*. p. 2.

acceleration of the full loan amount if the borrower defaults and fails to cure the deficiency within thirty days after a notice of default is mailed to him.[6]

On the same day the Note was executed, Decedent and Mendoza jointly signed a Deed of Trust ("Deed") effectively vesting Resmae with a secured interest in Plaintiffs' home as collateral on the Note.[7] The Deed grants Resmae the right to foreclose on and sell Plaintiffs' property in the event Plaintiffs default on the Note.[8] About six year later, Resmae assigned the Deed "with all interests secured thereby, all liens, and any rights due or to become due thereon, to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust."[9] In the instant case, SPS serviced U.S. Bank's mortgages, and thus corresponds with debtors.[10]

Plaintiffs stopped making their monthly mortgage payments beginning on January 1, 2016.[11] SPS mailed Plaintiffs a notice of default on January 4, 2017, demanding payment for the missed monthly mortgage payments.[12] The notice indicates that failure to tender due payments would result in acceleration of the full loan amount.[13] Approximately two months later, on March 1, 2017, SPS's legal counsel sent Plaintiffs a notice of acceleration, indicating that Plaintiffs failed to cure their default, and that "the Note was accelerated effective 03/01/2017. All unpaid principle and accrued interest on the Note are due and payable at this time."[14] The loan service agent confirms in a signed declaration that Plaintiffs failed to make their payments

---

[6] *Id*.
[7] Dkt. No. 14-3 p. 16.
[8] *Id*. p. 14.
[9] Dkt. No. 14-4.
[10] See Dkt. No. 14-7 (granting SPS limited power of attorney).
[11] Dkt. No. 14-5 p. 3.
[12] *Id*.
[13] *Id*.
[14] Dkt. No. 14-6.

beginning on January 1, 2016.[15] Mendoza admits in the original petition that Plaintiffs defaulted by failing to make timely mortgage payments.[16]

Mendoza filed suit in state court on April 26, 2017 to prevent foreclosure, which was scheduled for six days later on May 2, 2017.[17] Plaintiffs' theories of recovery are indecipherable on their face, but it is clear that Mendoza requested a temporary restraining order preventing foreclosure.[18] The state court granted this request,[19] and SPS thereafter removed the case to federal court.[20] Plaintiffs filed a motion to remand, which the Court denied.[21] The Court dismissed Defendant David Karle as improperly joined.[22] The Court also dismissed Defendant J.P. Morgan Mortgage, N.A. upon motion.[23] Thus, at this juncture, only SPS remains as a Defendant. SPS filed its motion for summary judgment on August 17, 2017, but Plaintiffs never responded, rendering the instant motion unopposed by operation of the Local Rules.[24] The Court now turns to SPS's motion for summary judgment.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] "A fact is 'material' if its resolution could affect the outcome of the action,"[26] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-

---

[15] Dkt. No. 14-1 ¶ 6.
[16] Dkt. No. 1-4 p. 2.
[17] *Id.* p. 1.
[18] Dkt. No. 1-4 p. 5.
[19] Dkt. No. 1-7.
[20] Dkt. No. 1.
[21] Dkt. No. 11.
[22] *Id.* p. 5.
[23] *Id.* p. 7.
[24] *See* LR 7.2–7.4 of the Local Rules of the Southern District of Texas (providing that a motion is considered unopposed if the responded fails to respond within twenty-one days after being served with the motion).
[25] Fed. R. Civ. P. 56(a).
[26] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

movant."[27] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[28]

The movant bears the initial burden of showing the absence of a genuine issue of material fact.[29] However, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[30] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[31] This demonstration must specifically indicate facts and their significance,[32] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation[.]"[33]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[34] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[35] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[36] Parties may cite to any part of the record, or bring evidence in the

---

[27] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[28] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[29] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[30] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[31] *See Celotex Corp.*, 477 U.S. at 323.
[32] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[33] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[34] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[35] *See id.*
[36] *See* Fed. R. Civ. P. 56(e).

motion and response.[37] By either method, parties need not proffer evidence in a form admissible at trial,[38] but must proffer evidence substantively admissible at trial.[39]

III.   ANALYSIS

The Court first observes that Decedent is an improper party in this case because he is no longer alive. He *himself* was named in this suit, not his estate. Moreover, Mendoza—proceeding pro se—has no authority to represent other people, including Decedent, because she is not a licensed attorney. For these reasons, Decedent is **DISMISSED WITHOUT PREJUDICE**. Only Mendoza and SPS remain as parties in this case. Mendoza provides three bases for relief without citation to any specific legal authorities. The Court now addresses each claim in turn.

A.    *"National Mortgage Settlement"*

Mendoza states that "Defendants have not made a due diligent effort to allow Plaintiff (sic) to bring the account current within Plaintiffs (sic) financial needs, in spite [of] their bona fide efforts and offers to pay."[40] Mendoza is apparently referencing the requirements of a consent judgment entitled the "National Mortgage Settlement" ("NMS") entered into between five large banks (including J.P. Morgan) and certain governmental entities.[41] However, district courts throughout Texas have held that this consent decree does not give rise to a private cause of action.[42] Moreover, the Fifth Circuit and other courts have determined that borrowers have no

---

[37] *See* Fed. R. Civ. P. 56(c).
[38] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[39] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[40] Dkt. No. 1-4 p. 4.
[41] *Id*. ("Defendants are under the National Mortgage Settlement (NMS), the five largest mortgage banks in the country Bank of America, JPMorgan Chase, Wells Fargo, Citi, and Ally/GMAC . . . .").
[42] *Reyes v. Wells Fargo Bank, N.A.*, 2016 WL 6915269, at *5 (N.D. Tex. Oct. 19, 2016), report and recommendation adopted, 2016 WL 6893722 (N.D. Tex. Nov. 23, 2016); *Carey v. Fargo*, 2016 WL 4246997, at *6 (S.D. Tex. Aug. 11, 2016); *Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013); *Owens v. Bank of Am., N.A.*, 2012 WL 912721, at *3 (S.D. Tex. Mar. 16, 2012);

standing to pursue NMS claims,[43] specifically because the consent judgment constituted an agreement between banks and governmental entities, and is thus only enforceable by those particular parties. For these reasons, SPS's motion for summary judgment is **GRANTED** with regard to Mendoza's NMS claim.

      B.      *"Pre-foreclosure loss mitigation review period"*

Mendoza also states: "Under the Federal Consumer Financial Protection Bureau servicing rules that went into effect January 10, 2014, the mortgage servicer must wait until Plaintiffs are more than 120 days delinquent on payments before making the first official notice of filing for any nonjudicial or judicial foreclosure."[44] The Court's independent research reveals that Mendoza is referencing 12 C.F.R. § 1024.41(f), which states: "A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless . . . [a] borrower's mortgage loan obligation is more than 120 days delinquent."[45] In Texas, "[t]he first notice required by Texas law is the notice of default."[46]

However, the evidence indicates that SPS *did* wait more than 120 days after Plaintiffs' loan obligation became delinquent before giving notice of default. Plaintiffs failed to make their January 1, 2016 mortgage payment, and SPS gave notice of default with reference to this particular missed payment on January 4, 2017—approximately one year later.[47] Additionally, § 1024.4(f) is only enforceable via 12 U.S.C. 2605(f),[48] which requires that the plaintiff suffer

---

[43] *See e.g. Shatteen v. JP Morgan Chase Bank, N.A.*, 519 Fed. Appx. 320 (5th Cir. 2013); *Wolf v. Bank of Am., N.A.*, 2014 WL 12633677, at *5 (E.D. Tex. Sept. 30, 2014), aff'd sub nom. *Wolf v. Bank of Am. Nat. Ass'n*, 630 Fed. Appx. 354 (5th Cir. 2016); *Reyes v. Wells Fargo Bank, N.A.*, 2016 WL 6915269, at *5 (N.D. Tex. Oct. 19, 2016), report and recommendation adopted, 2016 WL 6893722 (N.D. Tex. Nov. 23, 2016); *Carey v. Fargo*, 2016 WL 4246997, at *6 (S.D. Tex. Aug. 11, 2016).
[44] Dkt. No. 1-4 p. 3.
[45] 12 C.F.R. § 1024.41(f).
[46] *Lehman v. Select Portfolio Servicing, Inc.*, 2015 WL 123868, at *4 (E.D. Tex. Jan. 7, 2015) (citing Tex. Prop. Code § 51.002(d)).
[47] Dkt. No. 14-5 p. 3.
[48] *See* 12 C.F.R. § 1024.41(a).

actual damages, or otherwise establish a pattern or practice of the defendant's non-compliance.[49] Plaintiff has not put forth any such evidence. Instead, the available evidence suggests that any damages Mendoza might suffer (in the form of foreclosure) would be the result of failing to pay overdue mortgage bills with the knowledge that such failure could result in foreclosure. For these reasons, SPS's motion for summary judgment on Plaintiff's § 1024.41(f) claim is **GRANTED**.

      C.     *"Notice of Default and Intent to Accelerate"*

Finally, Mendoza states:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendants did not comply with said requirement pursuant to the Texas Property Code.[50]

Indeed, § 51.002(d) of the Texas Property Code provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given . . . ."[51] If the debtor does not cure the default within twenty days, "the mortgage servicer must provide notice of sale pursuant to procedures specified in the Texas Property Code at least 21 days before the date of sale."[52]

However, "[f]ailure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale."[53] Rather,

---

[49] *See Waites v. LLP Mortgage Ltd & MGC Mortgage, Inc.*, 2015 WL 11120993, at *2 (N.D. Tex. June 19, 2015); *Hurd v. BAC Home Loan Serv., L.P.*, 880 F. Supp. 2d 747,768 (N.D. Tex. 2012); *Oden v. JPMorgan Chase Bank, N.A.*, 2012 WL 1610782 at *2 (S.D. Tex. May 8, 2012); *Akitunji v. Chase Home Finance, L.L.C.*, 2011 WL 2470709 at *2 (S.D. Tex. June 20, 2011).
[50] Dkt. No. 1-4 p. 4.
[51] Tex. Prop. Code Ann. § 51.002(d) (West).
[52] *Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) (citing Tex. Prop. Code Ann. § 51.002(b) (West)).
[53] *Suarez*, 2015 WL 7076674, at *3 (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov.21, 2013).

"because § 51.002(b) and (d) set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred."[54] More specifically, "[w]here a Temporary Restraining Order is issued preventing Defendant from conducting a foreclosure sale, Plaintiff . . . fail[s] to allege a § 51.002 claim upon which relief can be granted unless a subsequent foreclosure sale occurs."[55]

Here, the state court issued a temporary restraining order preventing Defendants from foreclosing on Mendoza's house. Moreover, Mendoza has provided no evidence that Defendants have subsequently foreclosed on her house. Thus, SPS's motion for summary judgment on Plaintiff's § 51.002(d) claim is **GRANTED**.

### IV. HOLDING

For the foregoing reasons, SPS's motion for summary judgment is **GRANTED**. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of September, 2017.

_____
Micaela Alvarez
United States District Judge

---

[54] *Id*. (quoting *Landry v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5278497, at *3 (W.D. Tex. Sept.18, 2013)).
[55] *Id*. (citing *Landry*, 2013 WL 5278497, at *4).